UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

MICHELLE SCOTT, )
)
Plaintiff, )
)
v. ) CIVIL ACTION NO.:
)
ALLSTATE PROPERTY & CASUALTY )
INSURANCE COMPANY, )   CV408-236
)
Defendant. )

## NOTICE OF REMOVAL

COMES NOW, ALLSTATE PROPERTY & CASUALTY INSURANCE COMPANY, defendant herein, and files this Notice of Removal pursuant to 28 U.S.C. § 1446 and shows the court the following:

Plaintiff Michelle Scott has filed a complaint in the State Court of Chatham County, Georgia, seeking recovery against this defendant for alleged breach of contract. A copy of the complaint filed by the plaintiff is attached hereto as Exhibit "A". Plaintiff is a resident of the State of Georgia and defendant is a foreign corporation incorporated under the laws of the State of Illinois. There is complete diversity among the parties.

The amount claimed by plaintiff in the above-captioned lawsuit is in excess of $75,000.00. As a result, the matter in controversy is in excess of $75,000.00 and this court has jurisdiction pursuant to 28 U.S.C. § 1332.

Defendant shows that service of Plaintiff's Complaint was had upon defendant on November 12, 2008, and this notice of removal has been filed within thirty (30) days of that service and is therefore timely.

This 1st day of December, 2008.

                        BARROW & BALLEW, P.C.

                        _____
                        JOSEPH H. BARROW
                        Attorney for Defendant
                        State Bar No. 040153

Post Office Box 8186
Savannah, Georgia 31412
(912) 233-9433

IN THE STATE COURT OF CHATHAM COUNTY
STATE OF GEORGIA

| | |
|---|---|
| MICHELLE SCOTT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Civil Action No.: |
| | ) STCV0804725 |
| ALLSTATE PROPERTY & CASUALTY | ) |
| INSURANCE COMPANY, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

Comes now, Michelle Scott (hereinafter "Scott"), Plaintiff and file this her claim for damages against the Defendant Allstate Property and Casualty Insurance Company (hereinafter "Allstate") as follows:

## JURISDICTIONAL ALLEGATIONS

1.

Defendant Allstate is a property and casualty insurance company authorized to transact business in the State of Georgia with a principal office in this state. This Defendant issued a policy of property insurance to the Plaintiff and is subject to the jurisdiction of this honorable court. This Defendant may be served with this Complaint, Summons, and Process by serving its registered agent for service, towit Dale Morris, CT Corporation, 1201 Peachtree Street, NE, Atlanta, Georgia 30361.

## FACTUAL ALLEGATIONS

2.

Plaintiff Scott purchased a policy of homeowner's insurance from Defendant.


EXHIBIT A

3.

Plaintiff faithfully paid the premiums for the coverage under the policy of insurance and satisfied all conditions and obligations under the terms of the insurance contract.

4.

CitiMortgage is an insured under the policy of insurance by virtue of its status as the designated "loss payee" as a result of it holding a first mortgage on the insured premises of Plaintiff Scott's property situated at 307 Elm Street, Bloomingdale, Georgia.

5.

On April 25, 2007, Plaintiff sustained a massive fire loss which was covered under the terms of the policy of insurance and the terms of the contract held with Defendant Allstate.

6.

Plaintiff Scott submitted her claim to Allstate for adjustment. Defendant Allstate required Plaintiff to submit a detailed inventories of said claim and to submit to an examination under oath provided for under the terms of the policy. Plaintiff Scott dutifully complied with all requests of Defendant Allstate.

7.

On June 11, 2008, some 14 months after the fire had occurred, Defendant Allstate denied the claim, under claim 0102056009 alleging that the Plaintiff had made "misrepresentation of material facts during the submission of the claim." A copy of the letter of denial is attached herewith as Exhibit "A."

8.

During the course of the adjustment of the claim, Defendant Allstate had its adjuster, Jackson Howell prepare a purported estimate of repair on June 29, 2007.

9.

At all times mentioned herein, Defendant Allstate knew, or reasonably should have known, that it intended to deny Plaintiff's claim and instructed its adjuster, either directly, indirectly, or through course of practice, intentionally prepared an unreasonably depressed estimate so as to reduce the amount of Allstate's potential liability to the loss payee, CitiMortgage.

2

10.

Defendant Allstate's depressed estimate of repair caused financial harm to the Plaintiff because Plaintiff is still obligated under the terms of the security deed and note to CitiMotgage. Plaintiff shows that the actual damage to the property exceeded the mortgage indebtedness which, had the claim been properly adjusted, would have resulted in no mortgage obligation to Plaintiff.

11.

The adjuster was completely unqualified to prepare a reasonable cost of repair and Defendant Allstate made no effort to determine the true cost of repair by engaging the services of a qualified contractor to estimate the reasonable cost of repair to the dwelling.

12.

The estimate was prepared in such a fashion so as to claim outrageous "depreciation" for items of building materials which are not subject to ordinary wear and tear or "depreciation" under customary and usual depreciation schedules.

13.

At all times mentioned herein, Defendant Allstate, and its adjuster, knew, or should have known, that the purported "estimate of repair" did not bear any rational resemblance to the actual cost of repair of the dwelling or the actual cash value of the repair of the dwelling.

14.

The estimate of repair was prepared solely to reduce the Plaintiff's claim and was performed without any regard to the actual cost of repair or actual cash value.

15.

On or about December 27, 2007, Plaintiff Scott submitted a sworn statement and proof of loss, at the direction of Defendant Allstate, claiming an amount for her personal property loss in the amount of $15,418.00.

16.

After the denial of the claim, Plaintiff Scott issued a demand to Defendant Allstate pursuant to O.C.G.A. §33-4-6. A copy of said demand is annexed herewith as Exhibit "B." Plaintiff Scott's demand was made in the amount of $130,000.00 less the applicable deductible and the amount recently paid to the loss payee mortgagee. (See ¶ 5 Exhibit "B")

3

17.

Said demand referenced in the preceding paragraph, demanded full payment of the payment of the payoff of the mortgage indebtedness to CitiMortgage. (Exhibit "B")

18.

Defendant Allstate issued a check to CitiMortgage in the amount of $40,876.29 based upon the "estimate" prepared by Defendant's adjuster.

19.

At all times mentioned herein, Plaintiff CitiMortgage has held said funds in escrow pending a resolution of the case.

20.

At all times mentioned herein, Plaintiff Scott is contractually obligated to with Plaintiff CitiMortgage to faithfully abide by the terms of the security instrument, deed to secure debt, and loan modification agreement, under the terms of its mortgage obligation with CitiMortgage.

21.

Specifically, Plaintiff Scott was obligated to make "all other payments that borrower is obligated to make under the security instrument" pursuant to paragraph 4 of the loan modification agreement under its loan with CitiMortgage under loan number 1119844619.

22.

The conduct of the Defendant was calculated to deprive Plaintiff of the amounts to which Plaintiff was entitled under the terms of the contract of insurance with Defendant.

23.

Plaintiff Scott further demanded, on her behalf as well as CitiMortgage, for an "appraisal" under the terms of the contract of insurance issued by Defendant. (See Plaintiff's Exhibit "B") Plaintiff Scott further requested certain information be produced from Defendant Allstate as is required under the terms of the insurance agreement and applicable law.

4

24.

Defendant refused to provide requested information and further breached its contract of insurance with Plaintiff by refusing to conduct an "appraisal" as required under the terms of the policy. Plaintiff attaches herewith as Exhibit "C" a copy of the letter of denial from Defendant.

## CAUSES OF ACTION

### COUNT I

### BREACH OF CONTRACT

25.

Plaintiff incorporates by reference paragraphs 1-24 as if fully set out herein.

26.

The conduct of the Defendant constitutes a breach of contract between Defendant and Plaintiff.

27.

Defendant has failed to pay pursuant to the terms of its insurance contract with Plaintiff. Further, Defendant has breached its contract by refusing to participate in its own appraisal process as defined under the terms of the insurance contract.

### COUNT II

### BAD FAITH, ATTORNEY'S FEES, AND EXPENSES OF LITIGATION

28.

Plaintiff incorporates by reference paragraphs 1-27 as if fully set out herein.

29

In addition to the statutory violations of O.C.G.A. §33-4-6, Defendant Allstate has been stubborn and litigious, and has caused the Plaintiff unnecessary time, trouble, and expense in prosecuting the within

5

action. In addition to all statutory penalties and attorney's fees and expenses provided in said code section, Plaintiff will hereinafter pray for an award of attorney's fees and expenses of litigation by virtue of the conduct of the Defendant in its bad faith denial of Plaintiff's claim.

## COUNT III

## STATUTORY ATTORNEY'S FEES AND EXPENSES OF LITIGATION

30.

Plaintiff incorporates by reference paragraphs 1-29 as if fully set out herein.

31.

The Defendant has refused to pay the Plaintiff's claim within sixty(60) days after the receipt of demand pursuant to O.C.G.A. §33-4-6. Plaintiff is entitled to the recovery of all statutory penalties, attorney's fees, and expenses of litigation.

## COUNT IV

## NEGLIGENT OR INTENTIONAL INFLICTION OF EMOTIONAL HARM

32.

Plaintiff incorporates by reference paragraphs 1-31 as if fully set out herein.

33.

The conduct of the Defendant is so outrageous that rises to the level of the negligent or infliction of emotional harm occasioned upon the person of Plaintiff Scott. Plaintiff will hereinafter pray for a general, compensatory, special, and punitive damages, as a result of the conduct the Defendant.

## COUNT V

## FRAUD, DECEIT, AND MISREPRESENTATION

34.

Plaintiff incorporates by reference paragraphs 1-33 as if fully set out herein.

35.

The conduct of the Defendant in submitted what the Defendant knew, or reasonably should have known, was an absurdly deflated "estimate of repair" was calculated solely to defraud Plaintiff Scott.

36.

Defendant knew, or reasonably should have known, that in so preparing such a deflated estimate, that it would result in the Plaintiff being required to make continued mortgage payments on a burned out home to which Plaintiff Scott was unable to repair, rebuild, or make habitable.

## COUNT VI

## INTERFERENCE WITH CONTRACTUAL RELATIONS

37.

Plaintiff incorporates by reference paragraphs 1-36 as if fully set out herein.

38.

Plaintiff Scott is a third-party beneficiary under the obligation between Defendant Allstate and CitiMortgage.

39.

At all times mentioned herein, Defendant Allstate acted without privilege and damaged the economic interest of Plaintiff by refusing to satisfy the mortgage obligation.

7

## COUNT VII

## CAUSE OF ACTION UNDER FAIR BUSINESS PRACTICES ACT (hereinafter "FBPA")

40.

Plaintiff incorporates by reference paragraphs 1-39 as if fully set out herein.

41.

The Defendant's conduct was an unlawful and an unfair or deceptive act or practice in the conduct of consumer transactions and is a violation the "FBPA." Plaintiff will hereinafter pray for an award of damages, plus treble damages pursuant to O.C.G.A. §10-1-399(c).

WHEREFORE, Plaintiff prays:

a) that process issue and terms of law requiring the Defendant to appear and answer this Complaint;

b) that Plaintiff Scott have and recover an amount in excess of $130,000.00 together with statutory penalties, attorney's fees, and expenses of litigation;

c) that Plaintiff Scott have and recover punitive or exemplary damages as provided by law; and

d) that Plaintiffs have such other and further relief as this honorable court deems just and proper.

This 28 day of October, 2008.

_____
Thomas R. Herndon
GA Bar No. 349175
Attorney for Plaintiff Michelle Scott

THE HERNDON LAW FIRM, P.C.
P.O. Box 10600
Savannah, GA 31412
(912) 231-1414
(912) 231-9157 - fax

8

# PLAINTIFF'S "EXHIBIT A"

Defendant's 6/11/08 Denial Letter



Claims Southeast Coast - Atlanta
P. O. BOX 105014
ATLANTA GA 30348

MICHELLE SCOTT
307 ELM ST
BLOOMINGDALE GA 31302-9424

June 11, 2008

INSURED: MICHELLE SCOTT
DATE OF LOSS: April 25, 2007
CLAIM NUMBER: 0102056009

PHONE NUMBER: 800-207-9519
FAX NUMBER: 866-655-4401
OFFICE HOURS: Mon - Fri 8:00 am - 4:30 pm

Dear MICHELLE SCOTT,

As you know, Allstate Insurance has been conducting an investigation into the above referenced fire loss claim. Allstate has completed its investigation and at this time, Allstate hereby denies this claim in its entirety. Allstate is denying this claim for your misrepresentations of material facts during the submission of the claim.

Please be advised that if you receive any further communications from Allstate or anyone acting on its behalf concerning your fire loss claim, please disregard them. Your claim stands denied, and should be treated that way by you. Anything to the contrary would be a mere clerical or computer error.

Should you disagree with Allstate's decision, please consult the terms of your Allstate policy of insurance and govern yourself accordingly. Please understand that no action or inaction by Allstate should be interpreted by you to be a waiver of any terms, conditions, or provisions found under either the policy of insurance or the laws of the State of Georgia. On the contrary, Allstate will continue to insist upon strict compliance with both the terms and conditions of the Allstate policy of insurance and the laws of the State of Georgia and continues to reserve all rights and defenses which it may have to your claim.

Sincerely,

*DEBRA HATFIELD*

DEBRA HATFIELD
800-207-9519
Allstate Insurance Company

GENI001

0102056009

# PLAINTIFF'S "EXHIBIT B"

Plaintiff's Demand for Payment and
Demand for Appraisal Letter

# THE HERNDON LAW FIRM, P.C.
## ATTORNEY AT LAW

THOMAS R. HERNDON  
*Certified by the National*  
*Board of Trial Advocacy*

304 East Bay Street  
Post Office Box 10600  
Savannah, Georgia 31412

Telephone: (912) 231-141  
Telecopier: (912) 231-915

August 22, 2008

**VIA CERTIFIED MAIL - RETURN RECEIPT REQUESTED**
Allstate Insurance Company
Claims Southeast Coast - Atlanta
Attn: Debra Hatfield
P.O. Box 105014
Atlanta, GA 30348

Re:  Insured:         Michelle Scott
     Date of Loss:    April 25, 2007
     Claim Number:    0102056009
     *Combined Notice of Demand for Payment and Demand for Appraisal*

Dear Debra:

This letter is written pursuant to O.C.G.A. § 33-4-6 which provides, inpertinent part, the following "In the event of a loss which is covered by a policy of insurance and the refusal of the insurer to pay the same within sixty (60) days after a demand has been made by the holder of the policy and a finding has been made that such refusal was in bad faith, the insurer shall be liable to pay such holder, in addition to the loss, not more than fifty (50) percent of the liability of the insured for the loss or $5,000.00, which ever is greater, and all reasonable attorney's fees for the prosecution of the action against the insurer.

The complete text of O.C.G.A. § 33-4-6 is hereby incorporated by reference as if set forth fully verbatim herein.

This law firm has been retained to represent the interest of Michelle Scott regarding their prior insurance loss occurring April 25, 2007.

Your company has denied this fire loss claim.

In the meantime, demand is made for the payment of an aggregate sum of $130,000.00 pursuant to the statute cited above <u>less</u> the applicable deductible and the amount recently paid to the loss payee mortgagor. If payment is not made within sixty(60) days from the date of this letter, the appropriate remedies will be taken.

Additionally, please consider this as a demand for appraisal pursuant to page 20 paragraph 7 § 7 of the insuring agreement. While we are aware that you have formally denied the compensability of this claim, you have recognized your liability and responsibility for the payment to the loss payee of the amount which you have estimated as necessary to repair the dwelling it is our contention that the appraisal or estimate which Allstate obtained has no basis in fact or reality and that the <u>actual</u> cost of repairs exceeds the sum of $100,000.

The appraisal portion of your policy is available for an insured to contest the amount of your estimate of repair, and any other loss and your call upon to provide the identity of a competent and impartial appraiser within

twenty(20) days after this demand is received. Please be advised that the appraiser selected by the insured is J.T. Turner of J.T. Turner Construction Company, a well known and respected industry leader in fire restoration work for over 30 years.

In the event that it is necessary to break down the amount of the demand which is made herein, please be advised that the demand is based upon an anticipated repair costs of the insured dwelling in the amount of $100,000. It is our understanding that the insured has submitted a list of damaged or destroyed personal property covered under the policy and has informed you of the per monthly charges for additional living expenses during the course of repair. The break down of the this demand is $100,000 for the repairs to the dwelling and $30,000 for the combined claim of unscheduled personal property and additional living expenses.

Please be advised that this demand for payment includes the demand that Allstate payoff the balance of the mortgage indebtedness, which is currently approximately $68,000.00. Allstate has forwarded the check purporting to represent the cost of repairs in the amount of $40,876.00. Since the cost of repair vastly exceeds the outstanding balance of the existing mortgage, this demand is intended to, and shall embrace, Allstate's statutory duty to pay the loss payee irrespective of any defense which it may have pursuant to Georgia law.

The failure to satisfy this obligation pursuant to the sixty(60) days mentioned herein, will result in the Plaintiff moving to have added to any judgment in the matter, statutory penalties and attorney's fees pursuant to the bad faith statute.

In order that the appraisal process might be meaningful, the following items are hereby requested to be produced immediately pursuant to the appraisal clause of your policy:

1) any sworn statement in proof of loss;

2) any inventory of unscheduled personal property prepared by the insured or the insurer;

3) copies of any and all photographs obtained reflecting damages to the dwelling or unscheduled personal property;

4) copy of any and all billing repair estimates obtained by or on behalf of Allstate Insurance Company.

Please govern your actions accordingly.

Very truly yours,

Thomas R. Herndon
The Herndon Law Firm, P.C.

TRH/jad

cc:  Michelle Scott
     Joe Barrow, Esq.
     Jeff Donaldson, Esq.

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

   Allstate Insurance Co.
   Attn: Debra Hatfield
   P.O. Box 105014
   Atlanta, GA 30348

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
   X _____  ☐ Agent  ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

3. Service Type
   ☑ Certified Mail   ☐ Express Mail
   ☐ Registered       ☐ Return Receipt for Merchandise
   ☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number (Transfer from service label)
   7007 3020 0000 1313 4126

PS Form 3811, February 2004   Domestic Return Receipt   102595-02-M-1540

---

UNITED STATES POSTAL SERVICE

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4 in this box •

THE HERNDON LAW FIRM
304 EAST BAY STREET • POST OFFICE BOX 10600
SAVANNAH, GEORGIA 31412

Michelle Scott

8030

# PLAINTIFF'S "EXHIBIT C"

Defendant's 9/08/08 Denial Letter
of Appraisal

**BARROW & BALLEW, P.C.**
ATTORNEYS AT LAW
225 HOUSTON STREET
POST OFFICE BOX 8186
SAVANNAH, GEORGIA 31412

JOSEPH H. BARROW
WALTER W. BALLEW, III
TRAVIS D. WINDSOR

TELEPHONE (912) 233-9433
TELECOPIER (912) 236-7850
BARROW.BALLEW@COMCAST.NET

September 8, 2008

Thomas R. Herndon, Esq.
The Herndon Law Firm, P.C.
Post Office Box 10600
Savannah, Georgia 31412-0800

Re:   Allstate Claim No.:   0102056009
      Date of Loss:          April 25, 2007
      Insured:               Michelle Scott

Dear Tom:

Please accept this as a response to your letter of August 22, 2008, to Debbie Hatfield of Allstate Insurance Company.

As you know, Allstate has already denied this fire loss claim and Allstate stands by that denial for the reasons set forth in that denial letter.

As to the payment to the lienholder, that payment of $40,876.29 was made to CitiMortgage and represented the actual cash value of the damage to the insured property. This amount was accepted by the lienholder on that basis and the check was cashed on August 18, 2008. Therefore, there is no remaining dispute about the amount to be paid to the lienholder and no further sums will be considered.

Likewise, there is no right to an appraisal at this point as the claim has been denied and the lienholder has accepted the payment.

As to you request for documentation, we are forwarding to you a copy of the Sworn Statement in Proof of Loss prepared by your client and the inventory of personal property prepared by your client, copies of photographs produced by your client to Allstate and a copy of the repair estimate which forms the basis of the payment made to the lienholder.

Allstate declines to produce any additional contents of the claim file at this time.

RECEIVED
BY: KL

Please let me know if you have any additional questions.

Sincerely,

Joseph H. Barrow

JHB/cab

STATE OF GEORGIA              )
                              )
COUNTY OF CHATHAM             )

## CERTIFICATE OF SERVICE

This is to certify that I have this date served all counsel with a copy of the foregoing documents by placing the same in the United States mail, with adequate postage thereon, and addressed to:

> Thomas R. Herndon
> The Herndon Law Firm, P.C.
> Post Office Box 10600
> Savannah, Georgia 31412

This 1st day of December, 2008.

BARROW & BALLEW, P.C.

_____
JOSEPH H. BARROW
Attorney for Defendant
State Bar No. 040153

Post Office Box 8186
Savannah, Georgia 31412
(912) 233-9433