UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

MICHELLE SCOTT,

Plaintiff,

v.                    408CV236

ALLSTATE PROPERTY & CASUALTY
INSURANCE COMPANY,

Defendant.

## ORDER

Defendant Allstate Property & Casualty Insurance Company ("Allstate") moves this Court to reconsider its 3/30/10 Order, doc. # 39, which, *inter alia*, denied in part Allstate's motion for summary judgment. Doc. # 41. Allstate urges that a misrepresentation made by Ayesha Joy Jackson Baker[1] in the presentation of the claim voided coverage for all losses arising from a 4/25/07 fire at Plaintiff Scott's home, and that the Court erred by limiting the effect of that misrepresentation to Scott's claim for additional living expenses. *Id.* After a thorough review of Allstate's motion and the cases cited therein, the Court sees no reason to revisit the issue.

"Reconsideration may be necessary if there is (1) newly discovered evidence, (2) an intervening development or change in controlling law, or (3) the need to correct a clear error or prevent manifest injustice." *Jersawitz v. People TV*, 71 F. Supp. 2d 1330, 1344 (N.D. Ga. 1999), *cited in Gibson v. Ford Motor Co.*, 2007 WL 640030 at * 1 (N.D. Ga. 2/26/07) (unpublished). Otherwise, a reconsideration motion "is not an opportunity for the moving party to instruct the court on how the court could have done it better the first time." *Id.* (quotes, cite, and alteration omitted). Nor is it an appropriate vehicle to "present authorities available at the time of the first decision or to reiterate arguments previously made." *Burger King Corp. v. Hinton, Inc.*, 2002 WL 31059465 at * 1 (S.D. Fla. 7/19/02) (unpublished). It is only appropriate where the "[c]ourt has patently misunderstood a party, or has made a decision outside of the adversarial issues presented to the [c]ourt by the parties, or has made an error not of reasoning, but of apprehension.... Such problems rarely arise and the motion to reconsider should be equally rare." *Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1369 (S.D. Fla. 2002) (quotes and cites omitted); *Stewart v. Hooters of America, Inc.*, 2008 WL 4534030 at *2 (M.D. Fla. 10/6/08) (unpublished).

Reconsideration is unnecessary. The cases cited by Allstate in its motion for reconsideration do not address the relevant issue here. Allstate cites numerous cases pertaining to the general validity and enforceability of provisions that void coverage on the grounds of fraud or material misrepresentations. Doc. # 41 at 3; *see, e.g., Clafflin v. Commonwealth Ins. Co.*, 110 U.S. 81, 96 (1884) (reasoning that attempted fraud by false swearing breached conditions of the policy and "constituted a bar to the recovery of the insurance"); *Woods v. Ind. Fire Ins. Co.*, 749 F.2d 1493 (11th Cir. 1985) (noting that misrepresentation as to ownership interest in property voided coverage under fire policy); *Goldberg v. Provident Ins. Co.*, 144 Ga. 783 (1915) (finding that policy's concealment and fraud paragraph "would cover cases of fraudulent misrepresentation of material facts or circumstances, made by the plaintiff to the company or its agents, that might affect the action of the insurer in respect

---

[1] Baker, who is Scott's daughter, reported the fire to Allstate and represented that she was the named insured, Michelle Scott. Doc. # 26-7 at 46 (Baker examination under oath).

to settling or adjusting the claim of the insured...."). These cases are of no significance here because the Court determined that the policy's concealment and fraud provision was valid and indeed precluded Scott from recovering for additional living expenses. Doc. # 39 at 4-5. More importantly, none of the aforementioned cases address the question of whether a misrepresentation that is material only to a single and distinct facet of coverage (e.g., coverage for additional living expenses, contents, or structural damage) necessarily voids coverage in its entirety.

The case most relied upon by Allstate is similarly uninstructive. Doc. # 41 at 3-5 (discussing *Mass. Bay Ins. Co. v. Hall*, 196 Ga. App. 349 (1990)). In *Massachusetts Bay*, the insurer denied coverage for losses arising from a fire on the grounds of arson and misrepresentation in the claim. *Id.* at 349. The trial court incorrectly rendered a directed verdict in favor of the insured as to the misrepresentation claim. *Id.* at 351. By doing so, the trial court eliminated the insurer's defense of misrepresentation, which, the Georgia Court of Appeals stated, would have "avoided the claimed coverage all together, including coverage of the house as well as the contents." *Id.* From this, Allstate erroneously concludes that *Massachusetts Bay* "made it clear that the misrepresentation would have voided the right to recover under the policy for both structure and contents, *even though the misrepresentations went only to the contents portion of the claim.*" Doc. # 41 at 4 (emphasis added). Nothing in *Massachusetts Bay* indicates that the misrepresentations went only to the contents portion of the claim,[2] so that decision cannot support Allstate's position in its current motion.

Because Allstate has cited no authority that otherwise supports its position, its motion for reconsideration is *DENIED*. Doc. # 41.

This day of 15 April 2010

*/s/ B. Avant Edenfield*
B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[2] While admittedly unclear, the *Massachusetts Bay* decision implies that the misrepresentations were not limited to contents. *See* 196 Ga. App. at 351 ("[O]nly evidence of misrepresentation concerning contents would be relevant, because plaintiffs had to prove those losses and their value by a preponderance of evidence but did not have to prove the amount for the house....").

2